UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ACEY B. DUNAHOE, ET AL                    CIVIL ACTION NO. 14-cv-0085

VERSUS                                    JUDGE FOOTE

PROGRESSIVE COUNTY MUTUAL                 MAGISTRATE JUDGE HORNSBY
INSURANCE CO., ET AL

## MEMORANDUM ORDER

Progressive removed this case based on an assertion of diversity jurisdiction, so it bears the burden of setting forth facts that show by a preponderance of the evidence that the amount in controversy exceeds $75,000 with respect to at least one of the Plaintiffs.  28 U.S.C. § 1446(c)(2)(B).  Progressive may make this showing by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy – in the notice of removal or an affidavit – that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

The state court petition alleges that the Plaintiffs were in a Volkswagen Passat on an off-ramp of a street in Nacogdoches when the rear of their car was hit by a Ford F250 pickup truck that was towing a trailer.  Both Plaintiffs allege they "were injured" and "required medical treatment," but they do not give any particular facts about the nature of their injuries or related treatment.  They do include generic allegations that they sustained serious, painful, and permanent bodily injuries that required medical treatment.  They also list categories of damages such as past, present, and future medical expenses, pain and suffering, and

disability.  This court has noted that adjectives such as serious and severe are found in virtually every personal injury petition filed in state and city courts, even when only mild soft tissue injuries are at stake.  The same is true with respect to the standard list of categories of damages sought.[1]  See Nordman v. Kansas City Southern, 2009 WL 976493 (W. D. La. 2009); Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664 (W. D. La. 2012).  A stubbed toe or soft tissue injury petition does not become a federal case just because the plaintiff's attorney includes a boilerplate list of damage categories in the petition. On the other hand, Plaintiffs do allege that the value of their claims is sufficient for trial by jury.  Louisiana law generally does not allow a jury trial where "the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs." La. C. C.P. art. 1732.

Progressive cites the allegations in the petition and contends the amount in controversy exceeds $75,000. It does not appear that Progressive has provided any factual information to support that assertion, so the issue must be judged on the face of the petition. As noted above, the court cannot tell from the petition the nature or severity of the injuries, the extent and expense of any medical care, or other basic facts necessary to find by a preponderance of the evidence that the amount in controversy exceeds $75,000 for any one plaintiff.

---

[1] Evidence of this can be seen by comparing the petition filed in this case with the one in Mitchell et al v. National Casualty, 13 CV 3078. The petition in Mitchell includes the same generic descriptions of severe injuries and a similar list of categories of damages.

Progressive will be allowed to file an amended notice of removal and attempt to set forth sufficient facts to meet its burden of establishing that the requisite amount in controversy existed at the time of removal with respect to at least one plaintiff.  The claims of the two plaintiffs may not be aggregated.  But if one plaintiff's claims exceed the jurisdictional amount, the court may exercise supplemental jurisdiction over the claims by the second plaintiff.  The court will review the amended notice of removal and determine whether to remand the case or maintain it in federal court.

Progressive will also need to make additional allegations with regard to the citizenship of the parties if it is to meet its burden of establishing diversity jurisdiction.  It describes the individual plaintiffs and defendant Austin Tate as residents of Louisiana and Texas.  A person may be a resident of many states, but he is a domiciliary and citizen of only one at a time.  Therefore, it is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting  Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984).

The two other defendants are Onyx Services, Inc. and State Farm Fire & Casualty Company.  Those defendants may not have been served yet, but their citizenship is nonetheless critical to determining whether there is diversity of citizenship. New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998).  A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal

place of business.  28 U.S.C. § 1332(c)(1).  To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business.  "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).  The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

Progressive describes Onyx as having its principal place of business in Texas, but it does not allege Onyx's state of incorporation.  State Farm is described only as a foreign insurer.  These allegations are not sufficient to establish diversity of citizenship.

Progressive will be allowed until **February 24, 2014** to file an Amended Notice of Removal and attempt to satisfy its burden of demonstrating a basis for diversity jurisdiction. The court will review the case after the deadline and determine whether Progressive has met its burden or the case must be remanded.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of February, 2014.

Mark L. Hornsby
U.S. Magistrate Judge