UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ACEY B. DUNAHOE, ET AL | CIVIL ACTION NO. 14-cv-0085 |
| VERSUS | JUDGE FOOTE |
| PROGRESSIVE COUNTY MUTUAL INSURANCE CO., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Acey and Celeste Dunahoe ("Plaintiffs") commenced this action by filing a state court petition for injuries allegedly suffered in a car accident that occurred in Nacogdoches, Texas. The petition named as defendants the driver of the other vehicle (Tate), his employer and the owner of the vehicle (Onyx), and their alleged insurer (Progressive). Plaintiffs also named as a defendant their own UM carrier. Defendants removed the case based on diversity jurisdiction, and the case progressed toward trial. The parties recently advised the court that Plaintiffs have resolved their claims with three principal defendants (Tate, Onyx, and Progressive) but wish to reserve their rights against those parties to the extent they have additional or excess insurance coverage. The parties are in the process of documenting that settlement and will forward a formal dismissal request upon completion. As Judge Foote noted in a prior order, the parties should use precise language describing which parties are released and to what extent.

Plaintiffs have also filed a Motion for Leave to File Amended Complaint (Doc. 36) by which they propose to add new defendant Lloyd's Syndicate 1861, which is the alleged

excess liability insurer for Onyx.  The proposed amended complaint (Doc. 34) does not set forth with specificity the citizenship of this new defendant.  If the new defendant shares the Plaintiffs' Louisiana citizenship, the court would have to decide whether to allow the amendment and remand the case for lack of jurisdiction.  That decision is governed by the factors set forth in <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th Cir. 1987).  Because the citizenship of the Lloyd's defendant is not yet known, the **Motion for Leave to Amend Complaint (Doc. 36)** is **granted** but reserving the right of the court to withdraw that grant and strike the proposed amended complaint if it is determined that (1) the Lloyd's defendant is not diverse in citizenship and (2) the <u>Hensgens</u> analysis warrants denial of leave to amend.  It is unlikely that the citizenship of the Lloyd's defendant can be determined without the Lloyd's defendant's cooperation, so Plaintiffs are directed to promptly serve the prospective new defendant with their complaint, the amended complaint, and a copy of this Memorandum Order.

     The determination of citizenship in a case involving a Lloyd's insurer is sometimes difficult.  The Fifth Circuit in <u>Royal Insurance Co. v. Quinn-L Capital Corp.</u>, 3 F.3d 877 (5th Cir. 1993) addressed a Lloyd's-type plan organized under Texas statutory law.  Texas law deemed such plans unincorporated associations, so the citizenship of each underwriter had to be considered for diversity purposes.  Another form of Lloyd's insurer is the syndicate/name system associated with the Lloyd's of London insurance market. The means of determining citizenship of those insurer defendants is sometimes more fact intensive and

less legally certain. See, e.g., Corfield v. Dallas Glen Hills, LP, 355 F.3d 853 (5th Cir. 2003) and Certain Underwriters at Lloyd's London v. Washington, 2009 WL 5215927 (E. D. La. 2009). The Lloyd's defendant in this case should set forth in its answer or other response as much detail as possible about its legal form and citizenship under the applicable rules.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of December, 2015.

Mark L. Hornsby
U.S. Magistrate Judge