UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ACEY B. DUNAHOE and<br>CELESTE DUNAHOE | CIVIL ACTION NO. 14-CV-0085 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| PROGRESSIVE COUNTY MUTUAL<br>INSURANCE CO., ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is defendant Certain Underwriters at Lloyd's London's ("Underwriters") Motion for Summary Judgment [Record Document 60]. Underwriters seeks dismissal of Plaintiffs' claims against it on grounds that the Louisiana Direct Action Statute does not permit a right of direct action against Underwriters as a matter of law. Plaintiffs do not oppose this motion. For the following reasons, Underwriters' motion is **GRANTED**.

### I. Factual and Procedural Background

Plaintiffs brought this action alleging injuries sustained in a car accident in Texas. Record Documents 38 and 1-1. They allege that they were hit by a truck and trailer driven by Austin P. Tate ("Tate"), and owned by Onyx Services, Inc. ("Onyx"). Id. Plaintiffs named Tate and Onyx as defendants, along with three insurance companies, including Underwriters, in its capacity as excess liability insurer for Onyx. Record Document 38.

Underwriters asserted in its Answer that Plaintiffs' claim against Underwriters is prohibited under the Louisiana Direct Action Statute, because the accident did not occur in Louisiana and Underwriters' Policy was neither issued nor delivered in Louisiana. Record Documents 45 and 46. Underwriters now files this Motion for Summary Judgment on the same grounds. Plaintiffs filed no opposition.

## II. Analysis

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact with the motion for summary judgment, the nonmovant must demonstrate that there is, in fact, a genuine issue for dispute at trial by going "beyond the pleadings" and designating specific facts for support. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

### B. The Direct Action Statute

The Louisiana Direct Action Statute establishes a plaintiff's right to direct action against an insurer under certain circumstances. La. R.S. 22:1269. The jurisprudence is consistent: a right of direct action is permitted only when: "(1) the accident occurred in Louisiana, or (2) the policy was issued or delivered in Louisiana." Esteve v. Allstate Ins.

Co., 351 So. 2d 117, 120 (La. 1977); Continental Ins. Co. v. Jantran, Inc., 906 F.Supp. 362, 364 (E.D. La. 1995); Landry v. Travelers Indem. Corp., 890 F.2d 770, 772 (5th Cir. 1989).

In Esteve, the Louisiana Supreme Court held that the Direct Action Statute did not permit an action against an insurer when the underlying car accident occurred in Florida, and the policy sued upon was issued and delivered in Florida. Esteve, 351 So. 2d at 120. In Cook v. Herring, the Louisiana Second Circuit explained that the Direct Action Statute "has been definitively interpreted" by Esteve. The court found no right of direct action when the automobile accident that gave rise to the case occurred in Mississippi and the policy was issued and delivered in Mississippi. 521 So. 2d 807, 809 (La. 1988).

In this case, there is no dispute that the alleged accident occurred in Texas. Record Document 1-1, p. 1. Underwriters state that the insurance policy sued upon was issued and delivered in Texas. Record Document 60-1, p. 7. Plaintiffs offer no contradictory evidence.

Underwriters has met its burden of showing there is no genuine dispute as to any material fact on this issue. Accordingly, **IT IS ORDERED** that the Motion for Summary Judgment [Record Document 60] be and hereby is **GRANTED**. Plaintiffs' claims against Underwriters are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ___9th___ day of September, 2016.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE